h ROLAND L. BELSOME, Judge.
Appellants, Jones, Walker, Waechter, Poitevent, Carrere & Denegre, L.L.P. (“Jones Walker”), McDermott, Inc. (McDermott”), Records Storage & Services, Inc. (“RSSI”) and William R. Lass-eigne, Jr. (“Lasseigne”) appeal a Summary Judgment granted to Certain Underwriters at Lloyd’s London (“Lloyd’s”) which dismissed claims asserted against it by RSSI, Lasseigne, McDermott and Jones Walker regarding insurance coverage for the personal property of McDermott, Jones Walker and Lowe, Stein, Hoffman, Allweiss & Hauver, L.L.P. (“Lowe Stein”). We affirm, concluding that under the clear and unambiguous language of the policy, the commercial property insurance contract does not provide contents or personal property of others coverage. Thus, Lloyd’s policy does not provide any coverage for the damages complained of by Jones Walker, McDermott, and Lowe Stein.
PROCEDURAL HISTORY
The lawsuit of Plaintiff/Appellant Jones Walker was consolidated with the claims of Plaintiff/Appellant McDermott and Plaintiff Lowe Stein. All Plaintiffs sued Defendants/Appellants RSSI and Lasseigne for damages that occurred to their business property stored by RSSI in a warehouse located at 900 Atlantic Street in )2New Orleans owned by Lasseigne. Jones Walker and McDermott also asserted direct claims against Lloyd’s in its capacity as the commercial property insurer of RSSI and Lasseigne. Lowe Stein did not assert a direct claim against Lloyd’s; however, RSSI and Lasseigne asserted a cross-claim against Lloyd’s alleging entitlement to a defense and indemnification.
On January 5, 2003, Lloyd’s filed a Motion for Summary Judgment seeking a decree that its insurance policy did not cover RSSI and Lasseigne against the claims of Jones Walker and McDermott. On June 6, 2003, the district court granted the Motion for Summary Judgment filed by Defendant/Respondent, Lloyd’s, finding that Lloyd’s policy issued to RSSI and Lass-eigne did not owe coverage to RSSI and Lasseigne. Moreover, the policy did not cover the claims asserted by the Plaintiffs/Appellants in these consolidated cases. Plaintiffs/Appellants and Defendants/Appellants appealed that ruling. However, the district court, in its reasons for judgment, did not address the issue of whether Lloyd’s had an obligation to indemnify and provide a defense for RSSI and Lasseigne because Lloyd’s Motion for Summary Judgment did not make specific arguments regarding this matter.
DISCUSSION
The present issue for review by this Court is whether the district court legally erred by granting Lloyd’s Motion for Summary Judgment and dismissing with prejudice the claims of Jones Walker, McDermott, RSSI, and Lasseigne, against Lloyd’s. The Appellants contend the following assignments of error: (1) the district court erred in holding that the Lloyd’s insurance policy including the Declaration page unambiguously does |snot cover damages to personal property of others; (2) the district court legally erred by finding that the Lloyd’s policy does not cover Defendants/Appellants RSSI and Lasseigne against the claims of Plaintiffs/Appellants, Jones Walker and McDer-mott; and (3) the district court committed legal error when it concluded that there was not a limit of insurance for personal property of others on the Declaration page of the Lloyd’s policy.
This Court dealt with insurance policies and policy exclusions in Michelet v. Scheuring Security Services, Inc., 95-2196 (La.App. 4 Cir. 9/4/96), 680 So.2d 140, 147 and stated, in pertinent part, as follows:
*865 An insurance policy is a contract between parties and should be construed according to contract principles. Smith v. Matthews, 611 So.2d 1377 (La.1993). When the language of a policy is clear and not ambiguous, the insurance contract must be enforced as written. When the wording is clear, the courts lack the authority to alter or change the terms of the policy under the guise of interpretation. Louisiana Insurance Guaranty Association v. Interstate Dire [Fire] & Casualty Company, 93-0911 (La.1/14/94), 630 So.2d 759. In interpreting insurance contracts the judicial responsibility is to determine the parties’ common intent. Such intent is to be determined according to the ordinary, plain and popular meaning of words used in a policy. La. C.C. arts. 2045 and 2047; Breland v. Schilling, 550 So.2d 609 (La.1989). The liability under a comprehensive liability policy is only as provided in the policy and the attached endorsement. The parties are free to select the types of risks to be covered. First Mercury Syndicate, Inc. v. New Orleans Private Patrol Service, Inc., 600 So.2d 169 [898] (La.1992).
A policy should not be interpreted in an unreasonable or strained manner so as to enlarge or restrict the provisions beyond what the parties contemplated. “Absent a conflict with statutory provisions or public policy, insurers, like other individuals, are entitled to limit their liability and to impose and to enforce reasonable conditions upon the policy obligations they contractually assume.” Louisiana Insurance Guaranty Association, 630 So.2d [759 at] 763 [1994].
It is undisputed that Lloyd’s issued a policy of property insurance to RSSI and Lasseigne, and the damaged property at issue in these consolidated cases consists of contents or the personal property of others — namely the property of LMcDermott, Jones Walker, and Lowe Stein. It is also undisputed that that policy was the only one issued by Lloyd’s to RSSI and Lasseigne.
The commercial policy at issue provides in part:
A. Coverage
We will pay for direct physical loss of .or damage to Covered Property at the premises described in the Declarations caused by or resulting from any Covered Cause of Loss.
1. Covered Property
Covered Property, as used in this Coverage Part, means the type of property described in this section, A.1, and limited in A.2, Property Not Covered, if a Limit of Insurance is shown in the Declarations for that type of property.
Directly below these provisions, the policy describes various types of property, including “Building”, “Your Business Personal Property” and “Personal Property of Others”. Subparagraph A.1 of the Lloyd’s policy establishes that in order for coverage for contents or personal property to be considered “Covered Property” a limit of insurance must be “shown in the Declarations for that type of property.” In accordance with the language of the policy, a limit of insurance for the type of property to be covered must be shown on the Declaration page of the policy.
Nowhere on the Declaration page is there a limit of insurance shown for the contents or personal property of others. The only description of the type of coverage afforded by the policy on the policy’s Declaration page is the following:
*866 1) $300,000 one story, approved roof, masonry non-combustible warehouse located at: 319 Monroe St., Lafayette, LA
2) $100,000 on business income — 1/3 monthly limitation
3) $450,000 one story, approved roof, fire resistant office located at: 900 Atlantic St., New Orleans, LA
Ig4) $100,000 on business income — 1/3 monthly limitation
dj Special Form
6) 80% Coinsurance — ACV
7) $ 2,500 Deductible
The Declarations of Lloyd’s policy show that the only coverage related to 900 Atlantic St. was (1) for the building itself, with a limitation of $450,000, and (2) for business income, with limitation of $100,000. The Declaration page of the Lloyd’s policy does not reflect any coverage for contents or personal property of others.
The policy clearly and unambiguously shows that RSSI and Lasseigne did not select contents or personal property coverage. As stated in Michelet, “P[t]he liability under a comprehensive liability policy is only as provided in the policy and the attached endorsement.” Michelet, 680 So.2d at 147. Furthermore, “[t]he parties are free to select the types of risks to be covered.” Id. In this case, it is evident by the clear and unambiguous language of the policy that RSSI and Lasseigne only elected to purchase building and building income coverage from Lloyd’s.
Although case law instructs that if any ambiguities exist, a court may look to extrinsic evidence to determine the parties’ intent, Doerr v. Mobil Oil Gorp., 00-947 (La.12/19/00), 774 So.2d 119, 124, in this case, extrinsic evidence need not be evaluated because the policy clearly and unambiguously excludes coverage for contents or personal property of others. Thus, “when a contract can be construed”, such as in this case, “from the four corners of the instrument without looking to extrinsic evidence, the questioning of contractual interpretation is answered as a matter of law and summary judgment is appropriate.” Peterson v. Schimek, 98-1712 (La.3/2/99), 729 So.2d 1024, 1029.
| .CONCLUSION
For the foregoing reasons, the judgment of the trial court granting Lloyd’s Motion for Summary Judgment and the dismissal of claims asserted against it by RSSI, Lasseigne, Jones Walker, and McDermott regarding insurance coverage for the personal property of McDermott, Jones Walker and Lowe Stein by the district court is affirmed. Thus, the issue regarding Lloyd’s alleged obligation to indemnify and provide a defense for RSSI and Lasseigne is moot.
AFFIRMED.